## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

-------------------------------------------------------

| | | |
|---|---|---|
| MICHAEL KAUFFMAN, *individually* | : | |
| *and on behalf of others similarly-situated* | : | |
| 1334 West Wyomissing Court | : | |
| West Lawn, PA 19609 | : | CIVIL ACTION No.: _____ |
| | : | |
| Plaintiffs, | : | **JURY TRIAL DEMANDED** |
| | : | |
| v. | : | |
| | : | |
| MID ATLANTIC STORAGE | : | |
| SYSTEMS, INC. | : | |
| 61-L West Front Street | : | |
| Palmyra, PA 17078 | : | |
| | : | |
| Defendant. | : | |

-------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Michael Kauffman ("Plaintiff") hereby brings this collective/class action against Defendant Mid-Atlantic Storage Systems, Inc. ("Defendant"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this complaint contending that Defendant has unlawfully failed to pay him and other similarly-situated individuals employed in the position of Laborer ("Class Plaintiffs"), overtime compensation pursuant to the

requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq.*

2.     Plaintiff Michael Kauffman is a former employee of Defendant who was employed in the position of Laborer.

3.     During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendant unlawfully failed to pay him and Class Plaintiffs overtime compensation for certain compensable travel time in violation of the FLSA and PMWA.

4.     Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

5.     Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 29 U.S.C. §

2

216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

7.     This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## **PARTIES**

10.    Plaintiff Michael Kauffman currently resides at 1334 West Wyomissing Court, West Lawn, PA 19609.

11.    Upon information and belief, Defendant Mid-Atlantic Storage Systems, Inc., is a business corporation organized and existing under the laws of the State of Ohio, with a headquarters and office address registered with the Ohio Secretary of State of 1551 Robinson Rd, Washington Court House, OH 43160.

Defendant also has a regional satellite office located at 61-L West Front Street, Palmyra, PA 17078, out of which Plaintiff and Class Plaintiffs were employed.

12.     Upon information and belief, Defendant operates throughout the Commonwealth of Pennsylvania, including this judicial district.

13.     Defendant is an "employer" of Plaintiff and Class Plaintiffs and covered by the FLSA.

14.     Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

15.     Plaintiff and, upon information and belief, Class Plaintiffs was/were employees who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

16.     Plaintiff and, upon information and belief, Class Plaintiffs are employees who were employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

17.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

20.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the Commonwealth of Pennsylvania in the position of Laborer or in positions with substantially similar job duties who worked for Defendant at any point in the past three (3) years, were paid on an hourly basis, and denied overtime compensation due to Defendant's failure to count certain compensable travel time towards their total hours worked in violation of the FLSA ("Class Plaintiffs").

21.     Plaintiff estimates that there are in excess of twenty (20) other similarly-situated Laborers who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

22.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's failure to count certain compensable travel time towards their total hours worked under the FLSA/PMWA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours

worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

23.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## PENNSYLVANIA CLASS ACTION ALLEGATIONS

24.     Paragraphs 1 through 23 are hereby incorporated by reference as though the same were fully set forth at length herein.

25.     Plaintiff brings this action individually, and on behalf of the following Pennsylvania-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant during the past three (3) years in the position of Laborer, or in positions with substantially similar job duties, who were paid on an hourly basis and were denied overtime compensation due to Defendant's failure to count certain compensable travel time towards their total hours worked in violation of the PMWA.

26.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

27.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.     Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

B.     Whether the time Plaintiff and Class Plaintiffs spent/spend traveling between Defendant's workshop and their assigned jobsite, and from their assigned jobsite back to Defendant's workshop is compensable time under the PMWA;

C.     Whether the time Plaintiff and Class Plaintiffs spent traveling away from their home communities during their regularly scheduled work hours is compensable time under the PMWA;

D.     Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class;

E.     Whether Defendant implemented and maintained an effective reporting mechanism for Plaintiff and Class Plaintiffs to track and obtain payment for all hours worked;

F.     Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

G.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

28.      Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Laborer who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to properly pay overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the same way.

29.      Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff is similarly situated to the Class and has no conflict with the Class members.

30.      Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

31.      Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.      The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

32.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish

incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

33.     Paragraphs 1 through 32 are hereby incorporated by reference as though the same were fully set forth at length herein.

34.     Plaintiff Michael Kauffman began his employment with Defendant in or around March 2018, when he was hired a Laborer out of Defendant's Palmyra, PA satellite office at 61-L West Front Street, Palmyra, PA 17078.

35.     Plaintiff continued working for Defendant until on or around April 2, 2021 when he resigned following a brief leave of absence.

36.     Plaintiff and Class Plaintiffs are/were paid on an hourly basis.

37.     Upon information and belief, all Laborers employed by Defendant are compensated on an hourly basis.

38.     Plaintiff and, upon information and belief, all Laborers employed by Defendant are classified by Defendant as "non-exempt" under the FLSA/PMWA.

39.     As Laborers, Plaintiff's and Class Plaintiffs' primary job duties revolved around manual construction work erecting water storage tanks throughout Pennsylvania, as well as locations in New Jersey, Maryland, Delaware, West Virginia, and Virginia.

40.     At the start of a typical workweek, Plaintiff and Class Plaintiffs were first required to drive from their homes to Defendant's workshop in Palmyra in order to pick up and load equipment and tools for their assigned jobsite into company vehicles, including work pickup trucks, box trucks, and a rollback truck.

41.     Plaintiff and Class Plaintiffs were then required to transport said tools and equipment, along with their coworkers, from Defendant's workshop to their assigned jobsites, which were usually several hours drivetime away.

42.     Plaintiff estimates that, on average, it generally took between two (2) to three (3) hours to drive from Defendant's workshop to his and Class Plaintiffs' assigned jobsite, although the drive could take five (5) to six (6) hours for some of the more distant jobsites, such as those located in Virginia and West Virginia.

43.     At the conclusion of the job, which usually lasted for the majority of the workweek (Monday through Thursday), Plaintiff and Class Plaintiffs would then be required to reload their work vehicles and transport their tools and equipment back to Defendant's workshop or, on rare occasions, to another job site location.

44.     Plaintiff estimates that, on average, it generally took between two (2) to three (3) hours to drive from his and Class Plaintiffs' assigned jobsite back to Defendant's workshop, although, as indicated above, the drive could be much longer depending on how far the jobsite was from the workshop.

45.    Despite being required to drive approximately six (6) to ten (10) hours per week for Defendant, Plaintiff and Class Plaintiffs were only compensated for the ten (10) hours they spent working at the jobsite each day (typically from 7 am to 5 pm), as well as at a different, lower "shop rate" for any time spent traveling between jobsites during the workday.

46.    Although the few of Defendant's Laborers who were actively using their commercial driver's license (CDL) to drive their work trucks were allowed to request mileage reimbursement for these trips, Defendant did <u>not</u> count the hours they spent traveling between the workshop and jobsite toward their totals "hours worked" under the FLSA/PMWA.

47.    Plaintiff and the vast majority of Defendant's Laborers were required to drive to drive non-commercial work vehicles (i.e. vehicles weighing less than 10,000 pounds), as opposed to heavier vehicles for which a CDL was required, either exclusively or for a significant portion of their travel time.

48.    The time Plaintiff and Class Plaintiffs spent/spend traveling from Defendant's workshop to their assigned jobsite, between job sites, and from their assigned jobsite back to Defendant's workplace is "travel that is all in the day's work" within the meaning of the FLSA and PMWA.  <u>See</u> 29 C.F.R § 785.38.

49.     However, despite the compensability of Plaintiff's and Class Plaintiffs' travel time as set forth above, Defendant did not/do not compensate Plaintiff and Class Plaintiffs for all the hours they spend thus traveling.

50.     By failing to accurately track and compensate Plaintiff and, upon information and belief, Class Plaintiffs, for the time they spend/spent traveling between Defendant's workshop and their assigned jobsite (and back), Defendant has failed to pay Plaintiff and, upon information and belief, Class Plaintiffs overtime compensation in violation of the FLSA/PMWA.

51.     Plaintiff estimates that, as a result of the unlawful pay practices of Defendant described above, he and Class Plaintiffs have been denied compensation for approximately six (6) to ten (10) hours of overtime per week.

52.     Because Plaintiff and Class Plaintiffs are typically scheduled to work close to if not in excess of forty (40) hours per week (excluding the aforementioned travel time), the vast majority, if not all, of the unpaid travel time described above is owed to Plaintiff and Class Plaintiffs at an overtime rate.

53.     By way of example, during the workweek of January 17, 2021 to January 23, 2021, Plaintiff estimates that, in addition to the thirty-nine and a half (39.5) hours he spent working at his assigned jobsite, he spent an additional four (4) hours driving from the workshop to the jobsite in Virginia and an additional

four (4) hours driving from the jobsite back to the workshop, for a total of approximately eight (8) hours of uncompensated work.

54.     Despite thus working approximately forty-seven and a half (47.5) hours, Plaintiff did not receive any overtime compensation for the seven and a half (7.5) hours he worked over forty (40).

55.     Plaintiff has complained to Defendant about Defendant's failure to properly compensate Plaintiff and Class Plaintiffs for their travel time.

56.     However, Defendant responded that he and his coworkers were not entitled to be paid for the aforementioned travel time unless they were driving using their CDL licenses and, even then, they would only be entitled to receive mileage reimbursement, rather than hourly pay.

57.     Defendant failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA.  See 29 C.F.R. § 516.2.

58.     Defendant was aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

59.     Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/PMWA.

60.     Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendant, nor did/do they make recommendations with respect to employee status changes to which Defendant give substantial weight.

61.     As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

62.     Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendant's management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendant.

63.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

64.     Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

65.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

66.     Defendant is not a "motor carrier" or a "private motor carrier" within the meaning of the FLSA.

67.     Upon information and belief, Plaintiff and, upon information and belief, Class Plaintiffs drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds, either exclusively or to a significant degree.

68.     Thus, to the extent Defendant can be classified as a "motor carrier," which Plaintiff denies, Plaintiff was not, and, upon information and belief, Class Plaintiffs who were tasked with driving company vehicles were not, exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption.  See 29 U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015).

69.     Finally, there are no other exemptions under the FLSA or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

70.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

71.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

17

## COUNT I
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### <u>FAILURE TO PAY OVERTIME COMPENSATION</u>

72.     Paragraphs 1 through 71 are hereby incorporated by reference as though the same were fully set forth at length herein.

73.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

74.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

75.     Defendant failed to accurately track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

76.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

77.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

78.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

79.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant in the position of Laborer, or in positions with substantially similar job duties, who worked for Defendant in the Commonwealth of Pennsylvania and at any point in the past three (3) years, were paid on an hourly basis, and were denied overtime compensation due to Defendant's failure to count certain compensable travel time towards their total hours worked in violation of the FLSA, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

80.     Paragraphs 1 through 79 are hereby incorporated by reference as though the same were fully set forth at length herein.

81.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  See 43 P.S. § 333.113.

82.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

83.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours worked.

84.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, on behalf of himself and Class Plaintiffs, prays for judgment against Defendant as follows:

A.      An Order certifying this case as a class action and designating

Plaintiff as the representative of the Class and his counsel as class counsel;

B.      An award to Plaintiff and Class Plaintiffs for the amount of unpaid

overtime compensation to which they are entitled, including interest thereon, and

penalties subject to proof;

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees

and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Class Plaintiffs for any other damages

available to them under applicable Pennsylvania law, and all such other relief as

this Court may deem proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:    /s/ Michael Groh_____
       Michael Murphy, Esq.
       PA ID No. 91262
       Michael Groh, Esq.
       PA ID No. 319296
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.

Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: April 29, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.